[Maybury et al. *v.* Jones.]

# Rebecca Maybury, John Warder and James Vaux *against* Amos Jones.

## Same *against* Same.

## Same *against* Same.

Sheriff is bound to sell the defendant's personal property before he can sell his lands, but he may proceed otherwise with the party's consent. It is not necessary to notify the defendant of the time and place of taking an inquisition on the lands levied on : Nor is the sheriff bound to levy on all the defendant's lands in his bailiwick, though he cannot cut up and divide a particular tract.

Judgment entered 14th November 1803, in Philadelphia county : *testatum fi : fa :* to Montgomery county tested on the second return day of September term 1803, returnable on the last return day of December term following, founded on a *fi : fa :* not actually issued, held good.

JUDGMENTS were entered in these actions, on the 14th November 1803, as of the September. term preceding. Writs of *testatum fieri facias* were issued to Montgomery county, tested on the 17th September 1803, (the second return day) returnable on the 31st December following (the last return day of the term) but no writs of *fieri facias* had been actually issued, and were only marked on the docket. The *testatum* in the first suit was indorsed, real debt 650l. and interest from the judgment, and was levied on 105 acres of land in Douglass township. The like sum was indorsed on the second *testatum*, upon which other lands were levied. On the third *testatum*, the real debt was marked 98l. 5s. 5d. and interest from the judgment, and the sheriff returned goods levied.

*Mr. Frazer for the defendant, now moved for a rule to [*22 shew cause, why the three executions should not be set aside, on four grounds.

1. The sheriff levied on the personal property of the defendant to the amount of 2000l. as appears by the defendant's affidavit. Lands are only liable to sale, when no sufficient personal estate is to be found, under the laws of 1700 and 1705. 1 Dall. St. Laws 12, 68.

2. No notice was given to the defendant of the time of the sheriff's taking the inquisitions, condemning the lands. This is in effect condemning the party unheard.

3. All the defendant's lands in Montgomery county have not been taken in execution. If the whole had been levied on, possibly the yearly rents and profits might be sufficient to satisfy the debts beyond all reprizes, within twenty years ; and the proceeding against a part is a fraud on the provisions of the act of 1705.

4. The executions have issued informally, and are not warranted by any law of the state.

Mr. Wells for the plaintiff observed, that the act of the de-

[Appeal of Grubb's ex'rs.]

fendant prevented the sheriff from going on with the sales of the personal property, and at his instance the real estate was levied on. That the practice under the act of 1705 had never required any notice to be given to the defendant of the holding an inquisition, or that the whole of his lands held under different titles should be taken in execution ; and that the executions issued in the present instance were warranted by the decision of the court in Ewing *v.* M'Nair, 2 Dall. 269.

BY THE COURT. The sheriff is bound to sell the defendant's personal property, before he can proceed to the sale of his lands : but he may be discharged from responsibility in this particular, by the act of the party himself.

It never has been held necessary to notify the defendant of the time and place of taking an inquisition on lands levied on. A contrary practice has uniformly prevailed, and we have never known inconveniences to arise from it.

Nor is the sheriff bound to levy on all the defendant's lands in his bailiwick : It is true, he cannot cut up and divide particular tracts, but he is bound to follow the directions of the plaintiff, as to seizing on a specific tract, and this is constantly done.

No injury will be done by supporting the present executions. It will conduce to justice, by preventing a defendant from aliening his property to the prejudice of his creditors. It is not stronger than the case of Ewing *v.* M'Nair cited, and is warranted *by the act of April 18th 1795. 3 St. Laws 770. —Rule to show cause denied.

The parties afterwards came to a compromise, and the plaintiff's counsel agreed not to proceed to the sale of the lands until the 16th May next.

In Heydrick *v.* Eaton, 2 Binn. 215, it was held that an inquisition cannot be supported unless there has been notice in fact to the defendant, either of the levy or of the time and place of holding the inquest.

By the act of June 16, 1836, § 46, P. L. 769, the sheriff must give at least five days' notice of the time and place of the holding of the inquisition to the defendant, or, if he be not in the county, to his attorney or agent, and if the latter be unknown to the sheriff the notice must be given by a handbill fixed upon the premises. Notice need not be given to an assignee in bankruptcy : Fuller *v.* Sheridan, 2 Luz. L. Reg. 207. Though the return need not show notice of the holding of the inquisition, yet the fact must be established affirmatively, on a motion to quash the condemnation : Huddy *v.* Jones, 5 W. N. C. 491.