## BARTHOLOMEW *v.* HOOK AND WIFE.

A JUDGMENT recovered against the husband, after the first day of June, 1862, and before the filing of a declaration of homestead, becomes a lien on the homestead property, and renders it liable to be sold under the execution issued on the judgment.

Bartholomew *v.* Hook.

If, however, after the judgment is docketed, the wife file a declaration of home-
stead, she acquires thereby such an interest in the homestead, as to enable
her to maintain an action against the Sheriff to compel him to exhaust the
husband's personal property, before proceeding to sell the homestead.

APPEAL from the District Court, Fifth Judicial District, San
Joaquin County.

The facts are stated in the opinion of the Court.

*John B. Hall,* for Appellant.

*Tod Robinson,* for Respondents.

CROCKER, J. delivered the opinion of the Court—NORTON, J.
concurring.

This is an action brought by a wife against the Sheriff of San
Joaquin County and others, to enjoin him from selling a certain lot
which she claims as a homestead, on an execution against her hus-
band, and to require him to levy upon the personal property of her
husband for the satisfaction of the execution. The case was tried
by the Court, and a judgment was rendered for the defendants,
from which she appeals.

It appears that the house and lot in question has been occupied
by the plaintiff and her husband as their homestead ever since
June, 1859; but no declaration of homestead was made and filed
until the plaintiff did so on the eleventh day of June, 1862. On
the sixth day of June, 1862, the husband confessed a judgment for
$1,000, in favor of the defendant Huffman, on which an execution
issued June 7th, which was levied upon the lot in question; and the
Sheriff was about to sell the property when this action was com-
menced, and a temporary injunction granted. It appears that the
husband has a large amount of personal property liable to levy and
sale on execution, valued at about $5,000, as well as other assets,
which the wife contends should be first levied upon and sold, before
the real estate can be sold; and also claims that the property levied
upon is her homestead, and therefore not liable to sale on execution.
The plaintiff notified the Sheriff, that she claimed the property as
her homestead, and also gave him notice of the personal property

Bartholomew *v.* Hook.

liable to execution, and required him to first levy on and sell the same. It also appears that the defendant Huffman holds a mortgage for $4,000 on a portion of the personal property.

Under the provisions of the Homestead Law, as amended in 1862 (Stats. 1862, 519, 520), the time for filing the declaration of homestead was extended to June 1st, 1862; and Sec. 6, as amended, provides that the filing of such declaration, after that date, shall not "affect or impair any alienation, sale, mortgage, or other contract or lien lawfully executed or obtained prior to the time of the filing for record of such declaration." The declaration of homestead not having been filed, in this case, until after the first day of June, and after the judgment lien had attached, it follows that the homestead is liable to be sold under the execution issued on the judgment.

But the first clause of the two hundred and tenth section of the Practice Act requires that an execution of this kind against the property of the debtor "shall require the Sheriff to satisfy the judgment, with interest, *out of the personal property of such debtor*, and if sufficient personal property cannot be procured, then out of his real property." Under this law, it was clearly the duty of the Sheriff to levy upon and first sell the personal property of the execution debtor; and then, if the proceeds of the same proved insufficient, he should have proceeded and sold the real property of the debtor. Especially was this his duty, when notified by the plaintiff, and required to levy upon the personal property.

There may be cases in which the execution debtor would have the right to direct the sale of his real estate, in preference to his personal property (*Maybury* v. *Jones*, 4 Yeates, 21); but that right cannot be exercised so as to prejudice the rights of other persons. The plaintiff had such an interest in the homestead that the husband could not direct that property to be sold, before exhausting his personal property, without her consent, or contrary to her wishes. The Sheriff disobeyed the command of his writ, and exceeded his authority, in refusing to levy upon and first sell the personal property. The Court therefore erred in rendering a judgment in favor of the defendants.

The judgment is reversed and the cause remanded.