# IN THE MATTER OF THE ESTATE OF S. L. REED.

R was the owner of a tract of land, and residing on the same. On the twenty-third of April, 1861, he married; and on the thirtieth day of March, 1862, died, leaving issue of the marriage, one child. He continued to reside on the land, with his family, up to the time of his death. No declaration of homestead had been filed prior to January 1st, 1862 : *held*, that the failure to file a declaration of homestead, was a waiver of the homestead right as against the general creditors of deceased.

Appeal from the Probate Court, Solano County.

The widow in this case did not claim the homestead as against the incumbrances on the land, but only as against the claim of the general creditors of the estate. The widow was married to the intestate on the twenty-third day of April, 1861; and the child was born February 6th, 1862. The other facts appear in the opinion of the Court.

*John G. Hyer*, for Appellant.

In Matter of Estate of Reed.

Sec. 2281 Wood's Digest, page 403, provides: "If there be no law in force exempting property from execution, the following shall be set aside for the use of the widow, or minor children, and shall not be subject to administration: The homestead, consisting of any quantity of land, not exceeding twenty acres, and the dwelling house thereon, with its appurtenances, not being included in any incorporated town, or city; or instead thereof, a quantity of land, not exceeding one lot, in any incorporated town or city, and the dwelling-house thereon, and its appurtenances, to be selected by the widow; or if there be no widow, to be designated by the Probate Judge; and not to exceed, in any case, more than $5,000 in value." Now, I claim, that this section means to set apart absolutely for the support and maintenance of a family, whether the same consist merely of a widow, or widow and minor child, or children, or minor child, in case he be an orphan, the estate described therein, and that nothing can defeat such claim or right. The Constitution, Art. 11, Sec. 15, also provides, that the Legislature shall protect, by law, from forced sale, a certain portion of the homestead and other property of all heads of families.

It is useless to argue, that the acts of the Legislature, defining how a homestead may be acquired, militate against this theory. It is not so. If the section of the statute cited, read, " property may be exempted," a contingency resting in the volition, and sometimes, nay, almost always, in the discretion or caprice of the husband, instead of reading as it does, "if there be no law in force exempting property, it shall be set aside," etc., i. e., above all contingency to preserve sacred to the widow and minor children, then a question might possibly arise under the Homestead Act, as at present in force.

*H. H. Hartley*, for Respondent.

CROCKER, J. delivered the opinion of the Court—COPE, C. J. and NORTON, J. concurring.

S. L. Reed died on the thirtieth of March, 1862, leaving his widow Mary Ann Reed, and one child, surviving him. J. L. Reed was appointed administrator of the estate, with the consent of the

widow. The widow filed her petition in the Probate Court, setting forth the fact of their marriage; that they had lived together after their marriage, and until his death, on a certain tract of land, which is described, as their family residence; and praying that twenty acres of the land with the dwelling-house thereon, in which they resided, be set apart to her as a homestead. The creditors appeared and filed their written objections to the allowance of this claim to a homestead, on the ground: 1st, that no homestead had been selected, according to law, at the death of deceased, or at any time; 2d, that the homestead claim, if any there was, had been abandoned by the act of the parties in mortgaging the property; 3d, that the marriage of the petitioner and deceased, was subsequent to the twenty-eighth day of April, 1860, and to the contracting of the debts allowed against the estate; 4th, that the real estate was acquired by the deceased prior to the marriage, and was his separate property, and not subject to a homestead claim. On the first day of June, 1863, the Probate Court denied the application to set apart the homestead, from which the widow takes this appeal.

The amendments to the Homestead Law, passed in 1862 (Stat. of 1862, 521), extended the time for filing declarations of homestead to the first day of June, 1862, and provided as follows: " But from and after the said last mentioned day, no property shall be deemed a homestead, or be exempt from forced sale, under execution or other legal process, unless the declaration provided for in said act be made and filed for record according to law; *provided*, that the making or filing for record of such declaration shall not, in any case, or in any manner, affect or impair any alienation, sale, mortgage, or other contract, or lien, lawfully executed, or obtained prior to the time of the filing for record of such declaration." We find nothing in the record, showing that any declaration of homestead had been filed as required by this law within the time fixed by this statute. We find, copied into the transcript, a declaration of homestead, made by the petitioner, and filed, and recorded, on the sixteenth day of June, 1863, after the order appealed from was made. It cannot, therefore, avail the petitioner in this case. It is clear, that by the failure and neglect to file the declaration of

homestead within the time fixed by this statute, the property could not be deemed or held as a homestead.   The Court, therefore, did not err in denying the application to set apart the property.

The order is therefore affirmed.