## R. W. NOBLE, AND MARGARET NOBLE *v.* THOMAS K. HOOK, JOSEPH JONES, R. B. PARKER, AND CHARLES E. GORHAM.

DECLARATION OF HOMESTEAD.—Homesteads acquired under the Act of 1851, and occupied as such up to the 28th of April, 1860, lose the character of homesteads, and become liable to forced sale on execution, unless the declaration of homestead, provided for in the Act of April 28th, 1860, was made and filed for record on or before the first day of June, 1862.

CONSTITUTIONAL CONSTRUCTION.—The sixth section of the Act of 1862, which makes the failure to make and file for record the declaration of homestead a forfeiture of the homestead right, is not unconstitutional.

APPEAL from the District Court, Fifth Judicial District, San Joaquin County.

The property claimed by plaintiff as a homestead was advertised by the Sheriff to be sold on the 15th day of July, 1863. This suit was brought on the 13th day of July, 1863.

The other facts are stated in the opinion of the Court.

*J. B. Hall*, for Appellants.

*Cobb & Tyler*, and *Jenkins*, for Respondents.

By the Court, SHAFTER, J.

The complaint alleges that the plaintiffs intermarried in 1852, and that from that time to the filing of the complaint, July 13th, 1863, R. W. Noble was the owner of the land described therein; and then proceeds to set forth all the facts necessary to establish a homestead right in said lands, under the Act of 1851. It is further alleged that on the 22d of June, 1862, Joseph Jones recovered a judgment against the said R. W. Noble for one thousand eight hundred and sixteen dollars and twenty-seven cents, for money lent in 1856 or 1857; that on the same day Parker & Co. also recovered a money judgment against said Noble, for goods sold and delivered in 1862; that executions, issued on said judgments respectively, were delivered to Hook, Sheriff, and that he having exhausted the personal property of said Noble, levied upon

the alleged homestead of the plaintiffs, and advertised the said lands for sale for the purpose of satisfying the balances due on the executions respectively. A temporary injunction upon the sale was asked and granted, and on motion made thereafter on the complaint alone the injunction was dissolved. From this order dissolving the injunction the plaintiffs appeal.

Two points are made by the appellants :

First—That the homestead asserted by them under the Act of 1851 has not been lost by their failure to file a homestead declaration under the Act of 1862, for the reason that that Act, when correctly construed, attaches no consequences to such omission prejudicial to the rights of the plaintiffs acquired under the Act of 1851.

Second—That if the Act of 1862 makes the rights of the plaintiffs acquired under the Act of 1851 to depend upon a filing of the declaration referred to, then the Act is unconstitutional and void.

1. The sixth section of the Act of 1862 provides in terms that the homesteads acquired under the Act of 1851, and held as such, by virtue of that Act, on the 28th of April, 1860, shall not be deemed homesteads, or be exempt from forced sale under execution or other legal process, unless the declaration provided for in said Act shall be made and filed for record on or before the first day of June, 1862. The language is so clear and explicit that no occasion for construction is presented. The only distinction between this case and that of *Bartholomew* v. *Hook et al.,* 23 Cal. 277, so far as the point now presented is concerned, is, that in that case the declaration was filed six days after the time for filing had expired, while in this case the parties have filed no declaration whatever. *In the Matter of the Estate of J. L. Reed,* 23 Cal. 410, it was held that property could not be deemed or held as homestead where no declaration had been filed within the time limited by the Act of 1862.

2. The objection that the sixth section of the Act of 1862 is unconstitutional and void, as impairing the obligation of contracts, or as divesting vested rights, does not appear to us

to be well taken.   The constitutional provision that "the Legislature shall protect by law from forced sale a certain portion of the homestead and other property of all heads of families," does not of itself create nor does it vest homestead rights in persons falling within the general description.   The section is simply directory to the Legislature.   The Legislature, by the Act of 1851, in the exercise of its discretion, determined the extent and value of the homestead, and the mode and manner of protecting it.

By the Acts of 1860 and 1862, the mode of protecting homestead rights created under the Act of 1851, and of creating like rights thereafter and of protecting them when acquired, was so varied as to afford more efficient protection to the right, and more efficient protection also to the community as against it.   We consider that the position taken for the appellants and the arguments adduced in support of it are fully met by the decision in *Stafford* v. *Lick*, 7 Cal. 479.

The order dissolving the injunction is affirmed.