## ABBOTT, (MATHEWS v.)

[See Mathews v. Abbott. Case No. 9,275.]

---

## ABBOTT. (NEIL v.)

[See Neil v. Abbott, Case No. 10,088.]

---

## Case No. 13.

### ABBOTT v. POWELL.

[6 Sawy. 91.][1]

District Court, D. California. Nov. 11, 1879.

JUNIOR MORTGAGEE—HOMESTEAD.

Where a mortgage was made on two pieces of real estate, and a subsequent mortgage was made on one of them, and thereafter a homestead was declared in respect of the land not embraced in the second mortgage, *held*, that the equitable right of the junior mortgagee to compel the first mortgagee to resort, in the

---

[1][Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

first instance, to the property on which he had exclusive claim, could not be taken away or impaired by a declaration of homestead, by either husband or wife, on the property exclusively mortgaged to the first mortgagee.

O. P. Evans, for plaintiff.
J. W. Winans, for defendant.
A. N. Drown, for Clay Street Savings & Loan Society.

HOFFMAN, District Judge. I have carefully examined all the authorities furnished me by the learned counsel for the defendant. I am unable to perceive that any of them are decisive of, or even discuss the principal point made in, the case at bar. It is not disputed, that as a general rule, where a creditor has a claim on two funds, on one of which another person has also a claim, and such other person will be prejudiced by allowing the creditor to satisfy his debt out of the fund subject to both claims, equity will compel the creditor to resort in the first instance to the fund to which he alone has a claim, if it can be done without injustice to him or to the common debtor. Story, Eq. Jur. §§ 560-633. But this equity, it has been held, exists only in favor of junior mortgagees and other incumbrancers, and the application of the rule has been refused when asked for by a mortgagor. Thus, in Massachusetts, where a mortgage embraced homestead property, and also property not impressed with that character, an application that the latter should be first sold, and the homestead exempted if the other property was sufficient to satisfy the mortgage, was refused by the judge, and the decision sustained by the supreme court. Searle v. Chapman, 121 Mass. 19.

In this case, Gray, C. J., observes: "The power of a court of chancery to compel a mortgagee to resort, in the first instance, to one of several estates mortgaged, is exercised only for the protection of the equities of different creditors or incumbrancers, or of sureties, and not for the benefit of the mortgagor. As against him, the mortgagee has the right to enforce the contract between them, according to its terms, and is not obliged to elect between different remedies or securities." In Wisconsin, the rule of equity was applied in favor of judgment creditors of the mortgagor, as against the mortgagee of the homestead, and the latter was compelled to foreclose his mortgage on the homestead, before being admitted to share with the other creditors in the proceeds of the remainder of the mortgagee's estate. White v. Polleys, 20 Wis. 503. But this rule was subsequently altered by statute. Laws Wis. 1870, c. 133, § 1. So, in another case in the same state, where a mortgage embraced a homestead and a business lot, and the homestead had been sold to satisfy the mortgage debt, the court refused to set aside the sale so that the business lot might be sold first, it appearing that there were

creditors of the mortgagor who had judgment liens on the business lot, which were not liens on the homestead. [Jones v. Dow,] 18 Wis. 241. It is unnecessary, however, to cite from the authorities. I have mentioned these merely to show the diversity of opinion which has prevailed as to the rights of the owners of homesteads as against mortgagees. In this state, it appears to be settled, that a mortgagee of lands not included in a homestead, can not compel a prior mortgagee, whose mortgage includes those lands and also the homestead, to resort to the latter before selling the lands mortgaged to the junior mortgagee. McLaughlin v. Hart, 46 Cal. 639.

It has also been held that the wife may, after a judgment against her husband has become a lien on the home property, file a declaration of homestead upon it, and acquire such an interest in it that she can compel the sheriff to exhaust the husband's individual property before subjecting it to sale. Bartholomew v. Hook, 23 Cal. 277. But neither of these cases contains the slightest intimation that where a person has made a mortgage on two pieces of property, and afterwards makes a second mortgage on one of them, the equitable right of the junior mortgagee to compel the first mortgagee to resort in the first instance to the property on which he has an exclusive claim, can be taken away or impaired by a declaration of homestead, by either husband or wife, on the property exclusively mortgaged to the first mortgagee. I have been referred to no case which hints at so inequitable a rule. The junior mortgagee, when accepting the security of a second mortgage, had a right to repose upon the protection afforded him by the familiar rule of equity, and to act upon the assurance that the first incumbrancer would be compelled to resort to the property on which he had an exclusive claim, before coming on the property covered by the second mortgage, and that no act of the mortgagor could deprive him of the right to compel, him to do so.

If the mortgagor or his wife, by merely making a declaration, of homestead, could thus impair or destroy the security of the junior mortgagee, why might he not effect the same result by making a grant of the property exclusively embraced in the first mortgage?

The declaration of homestead may be likened to a grant to himself and wife, for it operates an exemption of the property from the claims of his general creditors; and yet it will not be disputed that where the whole of an estate is mortgaged, and the mortgagor makes subsequent mortgages or sales of specific parcels of it, the subsequent incumbrancers have the right to compel the general mortgagee to satisfy his debt by selling in the inverse order of the sales or mortgages by the owner. Raun v. Reynolds, 11 Cal. 20; Cheever v. Fair, 5 Cal. 337. Any other rule would be injurious to the mortgagor himself. For after mortgaging his property for. it might be, an insignificant part of its value, he would be unable to sell or incumber any separate parcel of it. For the purchaser or incumbrancer would have no assurance that his parcel might not be first taken to satisfy the general mortgage.

The interests, then, of both owners and incumbrancers of land require that the equitable rule under consideration should be rigidly adhered to in all cases justly admitting of its application, and with such certainty as to permit reliance upon it as a vested right incidental to and inseparable from the rights created by the mortgage. 1 can conceive no reason, of justice or policy, why this right, which confessedly existed as between the first and second mortgagees, and which grew out of the contracts of the mortgagor himself, should be destroyed or impaired by the filing by the latter or his wife, of a declaration of homestead.

It is urged that the mortgagee in this case has lost the right to demand the application of the rule, because he had other securities on which he has released his lien, and the proceeds of which, when sold by the mortgagor, have been applied in part only, to the payment of the mortgage debt. And this result it is urged, would ensue even if no homestead had been declared on the property. But this relinquishment by the mortgagee of a portion of the security, its sale, and the application of the proceeds, were done not only with the assent of the mortgagor, but must have been done by him, for he alone could make a title to the purchaser. The proceeds were applied no doubt in accordance with the agreement made when the mortgagee consented to waive his lien. The mortgagor cannot be now heard to object to a transaction assented to and effected by himself. There are no junior incumbrances on the property which it is now asked shall be first sold. These, if they existed, might very possibly invoke the equitable rule under consideration, and demand that the whole proceeds of the property on which the mortgagee has an exclusive lien should be applied in payment of his debt before he can compel the mortgagee prior to himself to sell first the property which is also mortgaged to them. The only subsequent incumbrance on the property covered by either mortgage is that created by the declaration of homestead. The rights acquired under that declaration have already been considered.

It is objected that the first security given was in the form of a deed of trust, which vested the legal title in trustees, and which is, in some respects, distinguishable from a mortgage in the ordinary form. This is true; but I do not see what effect it can have on the rights of the second mortgagee. The trust deed was intended as a security; no right is claimed under it, except to sell the property and execute the trust by paying

the debt. The trustees submit to the direction of the court as to the mode of selling. They do not deny that they are bound by the same equitable rules which would be enforced against an ordinary mortgagee. The fact that the legal estate is in them, does not emancipate them from those rules, any more than an ordinary mortgagee would be released from their operation in those states where a mortgage is held, as at common law, to pass the legal title.

For these reasons I am of opinion that the application of the assignee should be granted.